IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2238-D

PHIL MANNEBACH, )
)
Petitioner, )
)
v. ) **ORDER**
)
ACTING CUSTODIAN, )
)
Respondent. )

On November 17, 2025, Phil Mannebach ("Mannebach" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On February 11, 2026, the court reviewed the complaint and allowed the action to proceed [D.E. 6]. On April 3, 2026, respondent filed a motion to dismiss or in the alternative for summary judgment [D.E. 14]. On April 15, 2026, Mannebach filed a notice of denial of access to current federal law, rules, and court rulings [D.E. 19]. Mannebach moves for a court order directing respondent to serve all filings via email or intra-prison mail [D.E. 8], to meet and confer [D.E. 13], and an extension of time to respond to respondent's motion to dismiss or in the alternative for summary judgment [D.E. 20].

As for Mannebach's motion for a court order directing respondent to serve all filings via email or intra-prison email, respondent has not consented to serving Mannebach by those means and can make service by mailing filings to Mannebach's last known address. See Fed. R. Civ. P. 5(b); White v. Vance Cnty., No. 5:19-CV-467-BO, 2020 WL 6335958, at *1 (E.D.N.C. Oct. 23, 2020) (unpublished). Thus, the court denies the motion.

Case 5:25-hc-02238-D-RJ    Document 22    Filed 04/21/26    Page 1 of 3

As for Mannebach's motion for a meet and confer, Mannebach requests that the parties meet and confer before filing motions because it "will allow for more joint requests—and a narrowing of issues on opposed ones; resulting in a quicker resolution and more efficient case management." [D.E. 13] 1. Respondent has filed a dispositive motion and there is no need for the parties to meet and confer in this habeas action. Thus, the court denies the motion.

As for Mannebach's motion for extension of time to respond to respondent's motion to dismiss or in the alternative for summary judgment, Mannebach states that he has not received respondent's motion and requests copies of the missing filings. See [D.E. 20] 1. On April 15, 2026, respondent filed a certificate of service stating that Mannebach was served via certified mail "an additional, single-sided copy of Respondent's motion and related filings." [D.E. 21] 1. Thus, the court grants in part and denies in part the motion. The court denies Mannebach's request for copies of respondent's motion. The court grants Mannebach's request for an extension of time. Mannebach shall have until May 11, 2026, to respond to respondent's motion to dismiss or in the alternative for summary judgment.

As for Mannebach's notice of denial of access to current federal law, Mannebach states that he does not have access to any federal cases from the past six months because the prison's electronic legal database has not been updated. See [D.E. 19] 1. Mannebach states that this "prevents [him] from researching the cases, policies, and rules cited in the Respondent's (ECF 14, et seq.) motions." Id.; cf. [D.E. 15] 9–23. The court declines Mannebach's request for access to an updated legal database. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006).

In sum, the court DENIES petitioner's motion for a court order directing respondent to serve all filings via email or intra-prison mail [D.E. 8], DENIES petitioner's motion to meet and

confer [D.E. 13], and GRANTS IN PART petitioner's motion for extension of time [D.E. 20]. Petitioner shall have until May 11, 2026, to respond to respondent's motion to dismiss or in the alternative for summary judgment.

SO ORDERED. This 21 day of April, 2026.

JAMES C. DEVER III
United States District Judge

Case 5:25-hc-02238-D-RJ    Document 22    Filed 04/21/26    Page 3 of 3