IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2238-D

| | | |
|---|---|---|
| PHIL MANNEBACH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ACTING CUSTODIAN, | ) | |
| | ) | |
| Respondent. | ) | |

On November 17, 2025, Phil Mannebach ("Mannebach" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On February 11, 2026, the court reviewed the complaint and allowed the action to proceed [D.E. 6]. On April 3, 2026, respondent filed a motion to dismiss or in the alternative for summary judgment [D.E. 14]. On April 15, 2026, Mannebach filed a notice of denial of access to current federal law, rules, and court rulings [D.E. 19]. On April 21, 2026, the court denied Mannebach's motion for a court order directing respondent to serve all filings via email or intra-prison mail, denied Mannebach's motion to meet and confer, granted in part Mannebach's motion for extension of time until May 11, 2026, to respond to respondent's motion to dismiss or in the alternative for summary judgment, and declined Mannebach's request for access to an updated legal database [D.E. 22]. On April 22, 2026, Mannebach filed motions for injunctive relief [D.E. 23], an extension of time to respond to respondent's motion to dismiss or in the alternative for summary judgment [D.E. 24], and for access to current legal databases [D.E. 24].

As for Mannebach's motion for injunctive relief, Mannebach seeks a court order compelling the Federal Bureau of Prisons to place him in community-based housing or home

confinement. See [D.E. 23] 1–3. The court has considered Mannebach's motion for injunctive relief under the governing standard. See, e.g., Benisek v. Lamone, 585 U.S. 155, 161 (2018) (per curiam); Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Centro Tepeyac v. Montgomery Cnty., 722 F.3d 184, 188 (4th Cir. 2013) (en banc). Mannebach has not plausibly alleged that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, the court denies the motion.

In sum, the court DENIES petitioner's motion for injunctive relief [D.E. 23], DENIES petitioner's motion for access to current legal databases [D.E. 24] for the reasons stated in the court's April 21, 2026 order, and DENIES AS MOOT petitioner's motion for extension of time [D.E. 24]. Petitioner shall have until May 11, 2026, to respond to respondent's motion to dismiss or in the alternative for summary judgment.

SO ORDERED. This 23 day of April, 2026.

JAMES C. DEVER III
United States District Judge

2